**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3888
_____

ANDRE L. GRAY,

                                    Appellant

v.

RAMON RUSTIN,
Warden, Allegheny County Prison

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-08-cv-00008)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2011

Before: JORDAN, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 16, 2011)
_____

OPINION
_____

PER CURIAM

        Andre Gray appeals the September 10, 2010, order of the District Court granting

defendant Rustin's motion for summary judgment.  We will affirm.

        As we write primarily for the parties, we will briefly outline the facts of the case.

Gray is a prisoner of the Commonwealth of Pennsylvania, currently serving a five-to-ten-year sentence at SCI Forest on a state sexual assault conviction.[1]  Following Gray's arrest for that and other charges in November of 2005, several detainers activated, leading to his pretrial detention at the Allegheny County Jail (ACJ).  He maintains, however, that these detainers were gradually lifted during the pretrial period, and that he was granted Rule 600[2] relief on the November 2005 charges on June 1, 2006.  Upon the December 7, 2006, expiration of an eighteen-month probation detainer connected to an earlier conviction, Gray believed that he was entitled to be released from the ACJ.  He filed a grievance stating as much directly with the defendant, ACJ Warden Ramon Rustin.[3]  Following a series of events, on the specifics of which the parties disagree—Gray claims to have been stonewalled by Rustin and his deputies despite providing ample proof of his entitlement to release, while Rustin argues that detainers remained active and that Gray provided no evidence to the contrary—Gray's request was denied.  Then, on August 14, 2007, Gray was convicted of the sexual assault charge; he was released into the custody of another state correctional facility on August 26, 2007.

---

[1] See generally CP-02-CR-0018193-2005.

[2] Pennsylvania's speedy-trial rule.  See Pa. R. Crim. P. 600.

[3] While opinions and several court documents in this case refer to the warden as "Ronald" Rustin, the correct name is indeed "Ramon."  See, e.g., Len Barcousky, A Change of Venue: Warden at County Jail is Leaving for New Mexico, Pittsburgh Post-Gazette, Dec. 18, 2010, at B-1; see also ECF No. 79.

Gray commenced the present lawsuit on December 28, 2007, alleging that the period between December 7, 2006, and August 27, 2007, amounted to illegal confinement in violation of his Fourteenth Amendment right to due process, which damaged his ability to mount a full and thorough defense to the sexual assault charge. He named Warden Rustin as the sole defendant in both his individual and official capacities, requesting compensation in the form of one thousand dollars for each day he was unjustly incarcerated. In the end, the District Court[4] granted summary judgment in Rustin's favor on an Eighth Amendment theory. Gray v. Rustin, No. 08-8, 2010 U.S. Dist. LEXIS 94580, at *14–15 (W.D. Pa. Sept. 10, 2010). Rustin had "followed the appropriate procedure" by referring Gray's concerns to the proper person, and "nothing on this record indicat[ed] that [Rustin] was deliberately indifferent to [Gray]'s plight." Id. at *13–14. Gray filed a timely notice of appeal.

Our jurisdiction arises under 28 U.S.C. § 1291. "We exercise plenary review over summary judgment and we apply the same standard that the lower court should have applied." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment requires "our view of the evidence and inferences therefrom [to be] as favorable as possible to the non-movant." G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 253 (3d Cir. 2009). We may affirm on any basis finding support in the record. Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

---

[4] The parties consented to have the case heard by a Magistrate Judge. See ECF Nos. 5, 19; see also 28 U.S.C. § 636(c)(1).

Having reviewed the record, we are satisfied that, under the Fourteenth Amendment framework applicable to pre-trial detainees,[5] Rustin's conduct did not violate Gray's due-process rights. According to the version of events developed in Gray's sworn affidavit, Gray filed at least one grievance in December 2006; then, in March 2007, he was visited by non-party Ruth Howze, the Administrator of Re-Integration and Alternative Housing for ACJ, to whom he clarified his stance regarding the allegedly expired detainers and the granting of Rule 600 relief. See Gray Aff., ECF No. 87-1. Howze declined to release him. Gray argues that Rustin's knowledge of the situation rose to a level that would suffice to demonstrate the required mental state for a constitutional violation. See Nicini v. Morra, 212 F.3d 798, 810 (3d Cir. 2000) (en banc) (discussing conduct that rises to a conscience-shocking level sufficient to violate substantive due process in a variety of distinct factual settings). But even when taken in the light most favorable to Gray, the facts reveal, at best, plain awareness of Gray's grievance. They do not imply that Rustin was wrong to rely on the recommendations and reports prepared by Howze—again, *not* a party to this litigation—who believed that Gray's continued incarceration was proper; even if Howze erred, her flawed resolution of a confusing scenario does not impute an actionable state of mind to Rustin. "Mere

---

[5] See Hubbard v. Taylor, 399 F.3d 150, 158–59 (3d Cir. 2005). For a discussion of the standard in the refuse-to-release context, see Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009). The parties appear to agree that Gray was a pretrial detainee during the period about which he complains; therefore, the Eighth Amendment did not apply to him. Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979).

negligence is never sufficient for substantive due process liability." Id. Nor does the record demonstrate any further attempts by Gray to gain freedom after this single meeting with Howze, whether by informal resolution, formal grievance, or litigation. To the extent that Gray attempts to argue a violation of his procedural due process rights, see Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010), he has not shown that the procedures employed or the investigations conducted were deficient. An unfavorable outcome does not imply a violation of constitutional guarantees. Finally, we detect no impermissible punitive motive in Rustin's actions, nor does Gray suggest that Rustin acted the way he did out of a desire to punish him. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) ("[P]re-trial detainees cannot be punished at all under the Due Process Clause.").

Gray further implies that the extended pretrial incarceration he endured interfered with his ability to prepare a defense in his criminal case, leading to his conviction.[6] In his deposition, he implied that various unidentified parties conspired to keep him imprisoned, "because they knew if I got out of jail to talk to my witnesses and got me a paid attorney, they wouldn't have had no case on me." 7/7/2009 Tr. 14:15–17, ECF No. 77-7. Gray

---

[6] With regard to the criminal conviction: in Pennsylvania, time served in pretrial detention is credited against the eventual prison term that may result. See 42 Pa. Cons. Stat. § 9760(1). Rustin submitted a letter from one Jamie Wilson, a Records Specialist at SCI Forest, who represented that Gray did indeed receive credit for the entirety of his time spent in pretrial confinement—including the time in controversy—applied against the sentence he is currently serving. See ECF No. 77-10.

asserts that someone put a note in his file instructing against releasing him "on the detainer." Nowhere does Gray explain Rustin's connection with this alleged conspiracy. Furthermore, such a claim necessarily implicates the validity of his conviction and the procedures involved in obtaining such a verdict. It is therefore barred by the "favorable termination rule" of <u>Heck v. Humphrey</u>, 512 U.S. 477, 486–87 (1994).[7]

For the above reasons, we will affirm the judgment of the District Court.

---

[7] Indeed, in the deposition, Gray complained about the quality of representation he received at his criminal trial—a claim within the domain of collateral attack, not § 1983. <u>See, e.g.</u>, 7/7/2009 Tr. 19:14–22.